UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

URIEL MENDOZA ARAIZA,

                    Petitioner,

v.

JULIO HERNANDEZ et al.,

                    Respondents.

CASE NO. 2:26-cv-01892-LK

ORDER DENYING PETITION FOR HABEAS CORPUS

    This matter comes before the Court on Petitioner Uriel Mendoza Araiza's Petition for Writ of Habeas Corpus. Dkt. No. 1. For the reasons stated below, the Court denies the petition.[1]

## I.    BACKGROUND

    Mendoza Araiza is a native and citizen of Mexico. Dkt. No. 7 at 2. United States Border Patrol ("USBP") officers first encountered Mendoza Araiza on March 28, 2001, in Lukeville, Arizona, and he was granted Voluntary Return to Mexico. *Id.* Mendoza Araiza "was next encountered by immigration officers on April 1, 2001," in Lukeville, Arizona, and he "was again

---

[1] The Court declines to hold an evidentiary hearing because the record is sufficient for adjudication of the petition. *See Owino v. Napolitano*, 575 F.3d 952, 954 (9th Cir. 2009) (holding that "the district court must hold an evidentiary hearing" where "the record is insufficient to decide whether [the petitioner's] detention is authorized by statute").

granted Voluntary Return to Mexico." *Id.* Mendoza Araiza "subsequently re-entered the United States without inspection on an unknown date at an unknown place." *Id.* In 2006, Mendoza Araiza was convicted of petty theft, and the following year, he was convicted of forging or altering vehicle registration. *Id.*; *see also* Dkt. No. 6-2 at 4.

On September 29, 2025, Mendoza Araiza was arrested and served with a Notice to Appear categorizing him as a noncitizen "present in the United States without being admitted or paroled" and charging him as removable under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act. Dkt. No. 7 at 2–3; *see also* Dkt. No. 6-1 at 2. On the same day, he was transferred to the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. No. 7 at 2. On November 13, 2025, an immigration judge ("IJ") denied his application for cancellation of removal and granted his request for voluntary departure. Dkt. No. 1-4 at 9.

This is Mendoza Araiza's third habeas petition. He filed his first petition on October 30, 2025, and Judge Lin found that Mendoza Araiza is a member of the *Rodriguez Vazquez* class,[2] granted his petition, and ordered Respondents to release him unless they provided him with a bond hearing within seven days. *Araiza v. Hermosillo*, No. 2:25-CV-02139-TL, 2025 WL 3516103, at *2 (W.D. Wash. Dec. 8, 2025) ("*Mendoza Araiza I*"). Mendoza Araiza had a timely bond hearing on December 15, 2025, and the IJ denied bond and issued a bond memorandum on January 13, 2026. Dkt. No. 7 at 3–4; Dkt. No. 6-3 at 2–3; Dkt. No. 6-4 at 3–5. The IJ determined that Mendoza Araiza failed to establish that he is not a flight risk based on his "multiple entries into the United States" and the denial of his application for cancellation of removal, which left him with "little to no relief available from removal." Dkt. No. 6-4 at 5. Mendoza Araiza appealed that decision to the Board of Immigration Appeals ("BIA"), and his appeal remains pending. Dkt. No. 7 at 4.

---

[2] *Rodriguez Vazquez v. Bostock*, No. 3:25-CV-05240-TMC (W.D. Wash. filed Mar. 20, 2025).

ORDER DENYING PETITION FOR HABEAS CORPUS - 2

Mendoza Araiza filed his second habeas petition on February 2, 2026, contending that his detention had become unreasonably prolonged. *Mendoza Araiza v. Wamsley*, No. 2:26-cv-00421-LK, 2026 WL 1429326, at *1 (W.D. Wash. May 21, 2026) ("*Mendoza Araiza II*"). He subsequently retained counsel and filed an amended petition, alleging that his removal was not likely to occur in the reasonably foreseeable future and thus violated *Zadvydas v. Davis*, 533 U.S. 678 (2001). *Id.* at *3. On May 21, 2026, the Court denied his second habeas petition, holding that his detention had not become indefinite, and he was thus not entitled to relief under *Zadvydas*. *Id.* The Court also held that although Mendoza Araiza disagreed with the outcome of his bond hearing, he "d[id] not assert that he was not accorded any rights due to him under the Constitution, a statute, or a regulation at the hearing," and "failed to show that he has been denied due process or is otherwise entitled to release or another bond hearing." *Id.* at 4.

On June 2, 2026, Mendoza Araiza filed this third habeas petition. Dkt. No. 1. Respondents[3] filed a return, Dkt. No. 5, and Mendoza Araiza did not file a traverse.

## II.   DISCUSSION

Mendoza Araiza asserts three due process "counts," all of which are based on his bond decision. Dkt. No. 1 at 9–11; *see also id.* at 2. In count one, Mendoza Araiza contends that the IJ "clearly failed to conduct an individualized assessment of the totality of the circumstances," and failed to "provide an opportunity for [him] to be heard in that process prior to or contemporaneous with [his] detention" in violation of his due process rights. *Id.* at 10. In count two, he contends that the IJ "failed[ed] to consider the totality of the circumstances" and "issu[ed] a *de facto* mandatory

---

[3] Although Bruce Scott, the warden of the NWIPC, has not appeared in this case, (1) the purpose of naming the petitioner's custodian is to effectuate injunctive relief where appropriate, *see Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (the custodian has "the power to produce the body of [the petitioner] before the court or judge," such that "he may be liberated if no sufficient reason is shown to the contrary." (citation modified)); and (2) federal respondents often represent the warden's interests, as they do in this case, *see Doe v. Garland*, 109 F.4th 1188, 1196 (9th Cir. 2024) ("Even in cases where private contract wardens are named as respondents, the government can and has stepped in to defend its interest in keeping petitioners detained.").

ORDER DENYING PETITION FOR HABEAS CORPUS - 3

detention" decision. *Id.* In count three, Mendoza Araiza alleges that the IJ "failed to provide any facts or probative and reasonable basis for their 'no bond' determination." *Id.* at 11. Mendoza Araiza requests that the Court declare that his detention violates his due process rights and order his immediate release, or in the alternative, hold "a hearing before this Court to determine whether [he] presents a flight risk or danger that justifies his continued detention[.]" *Id.*

Respondents aver that Mendoza Araiza "is not entitled to habeas relief because the instant petition is barred as an abuse of the writ and, relatedly, [he] fails to identify any grounds for waiving the exhaustion requirement." Dkt. No. 5 at 2. Respondents also contend that even if the Court were to reach the merits, it should deny the petition because Mendoza Araiza has not established a due process violation. *Id.*

**A.      Legal Standard**

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas*, 533 U.S. at 687.

Under the Due Process Clause of the Fifth Amendment to the United States Constitution, no person shall be "deprived of life, liberty, or property, without due process of law[.]" U.S. Const.

ORDER DENYING PETITION FOR HABEAS CORPUS - 4

amend. V. "The Fifth Amendment guarantees due process in deportation proceedings." *Torres-Aguilar v. I.N.S.*, 246 F.3d 1267, 1270 (9th Cir. 2001). "[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693; *see also Demore v. Kim*, 538 U.S. 510, 523 (2003) (recognizing that Fifth Amendment due process protections extend to deportation proceedings, but noting that "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process").

**B.      The Abuse of the Writ Doctrine Bars this Third Petition**

"The doctrine of abuse of the writ generally forbids the reconsideration of claims that were or could have been raised in a prior habeas petition." *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011) (citation modified); *see also Eldridge v. Howard*, 70 F.4th 543, 551 (9th Cir. 2023). The Ninth Circuit has recognized that the common law abuse of the writ doctrine may apply to successive habeas petitions filed under Section 2241. *Alaimalo*, 645 F.3d at 1049; *see also Bowe v. United States*, 607 U.S. 13, 41 n.10 (2026) (noting that "courts developed different equitable doctrines to address abuses of the writ" and that "Congress can displace those doctrines, but in the absence of evidence of that intent, federal courts can continue to use those common-law tools") (citing *McCleskey v. Zant*, 499 U.S. 467, 479–489 (1991)); *Thomas v. Lothrop*, 808 F. App'x 495 (9th Cir. 2020).

"[T]o determine whether a claim is second or successive, [courts] must look to the substance of the claim and decide whether the petitioner had a full and fair opportunity to raise the claim in the prior application." *Eldridge*, 70 F.4th at 552 (citation modified). "A petitioner had no fair opportunity to raise the claim in the prior application if (1) the claim was not yet ripe at the time of the first petition, or (2) where the alleged violation occurred only after the denial of the first petition." *Id.* (citation modified).

ORDER DENYING PETITION FOR HABEAS CORPUS - 5

When the government asserts that the doctrine applies, it bears the burden of showing "with clarity and particularity . . . petitioner's prior writ history, identif[ying] the claims that appear for the first time, and alleg[ing] that petitioner has abused the writ." *McCleskey*, 499 U.S. at 494. If the government carries its burden, the burden shifts to the petitioner "to disprove abuse[.]" *Id.* "To excuse his failure to raise the claim earlier, he must show cause for failing to raise it and prejudice therefrom as those concepts have been defined in [courts'] procedural default decisions." *Id.*; *see also Sho v. Current or Acting Field Office Dir.*, No. 1:21-cv-1812 TLN AC P, 2022 WL 17555400, at *1 (E.D. Cal. Dec. 8, 2022) (explaining that the petitioner "may excuse any failure to raise claims in an earlier petition if a fundamental miscarriage of justice would result if the court failed to entertain the claims"), *report and recommendation adopted*, 2023 WL 1443969 (E.D. Cal. Feb. 1, 2023).

Respondents argue that Mendoza Araiza "had a full and fair opportunity to raise a bond-hearing challenge in his second habeas petition but failed to do so." Dkt. No. 5 at 4 (citing *Mendoza Araiza II*). Mendoza Araiza did not file a reply, and thus he did not address this contention.

The Court agrees with Respondents that Mendoza Araiza had a full and fair opportunity to raise due process claims regarding his bond hearing and bond decision in *Mendoza Araiza II*. Mendoza Araiza filed his original petition in *Mendoza Araiza II* on February 2, 2026, *see Mendoza Araiza II*, Dkt. No. 1, which was more than two weeks after the written bond decision was issued. Dkt. No. 6-4. However, Mendoza Araiza did not assert any claim based on the bond decision in his habeas petition. Rather, he requested a "reasonable" bond as relief without identifying any infirmity with the bond hearing or bond decision. *Mendoza Araiza II*, Dkt. No. 6 at 2. The amended petition, which was filed with the assistance of counsel, did not include a bond-related claim either. *See Mendoza Araiza II*, Dkt. No. 12. The amended petition in *Mendoza Araiza II* was filed on March 30, 2026, more than two months after the bond decision, and asserted a single due process

ORDER DENYING PETITION FOR HABEAS CORPUS - 6

claim based on alleged indefinite detention. 2026 WL 1429326, at *1–2, 4 (noting that Mendoza Araiza did "not assert that he was not accorded any rights due to him under the Constitution, a statute, or a regulation at the [bond] hearing"); *Mendoza Araiza II*, Dkt. No. 12 at 5.

Here, as in *Eldridge*, Mendoza Araiza had "all the necessary facts" when he filed *Mendoza Araiza II* to allege that the bond decision violated his due process rights. *Eldridge*, 70 F.4th at 554. Because the IJ held a bond hearing and issued a decision before Mendoza Araiza filed his habeas original and amended petitions in *Mendoza Araiza II*, he had an opportunity to challenge the bond decision in that proceeding. *Cf. Caro v. Nw. Immigr. & Customs Enf't Processing Ctr.*, No. 2:26-cv-952-JNW, 2026 WL 1382390, at *2 (W.D. Wash. May 18, 2026) ("The successive petition doctrine does not bar claims arising from events postdating the prior petition."). Finally, this is not a case where the petitioner raised the issue in a prior petition, and the Court did not address it. *See, e.g.*, *Eldridge*, 70 F.4th at 554 (finding the doctrine inapplicable where the petitioner raised the claims at issue in his prior petitions, but no court ruled on them). Rather, Mendoza Araiza could have raised his due process claims regarding his bond hearing and decision in *Mendoza Araiza II*, but he did not. Moreover, Mendoza Araiza has not responded to—much less rebutted—Respondents' argument that the abuse of the writ doctrine bars his current claims.

Accordingly, the Court finds that the abuse of the writ doctrine applies and bars Mendoza Araiza's claims regarding his December 15, 2025 bond hearing and the resulting no bond decision. The record also does not show cause for bringing a successive petition, or that a fundamental miscarriage of justice will result from the failure to entertain the claim.

//

//

//

//

## III.   CONCLUSION

For the foregoing reasons, the Court DENIES Mendoza Araiza's Petition for Writ of Habeas Corpus. Dkt. No. 1.

Dated this 17th day of July, 2026.

Lauren King
United States District Judge

ORDER DENYING PETITION FOR HABEAS CORPUS - 8